FILED

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-2011-904460.00<br>Date of Filing:<br>12/18/2011 | ELECTRONICALLY FILED<br>12/18/2011 3:50 PM<br>01-CV-2011-904460.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK |

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### AMELIA HUNT v. 21ST MORTGAGE CORPORATION

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☑ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ Yes  ☐ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   PHI053   12/18/2011 3:49:34 PM   /s/ WESLEY L PHILLIPS

**MEDIATION REQUESTED:**  ☐ Yes  ☑ No  ☐ Undecided



EXHIBIT
A



ELECTRONICALLY FILED
12/18/2011 3:56 PM
CV-2011-904460.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| AMELIA HUNT, ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No.:** _____ |
| ) | |
| **21ˢᵗ MORTGAGE CORPORATION,** ) | |
| **a Corporation,** ) | |
| ) | |
| **Defendant.** ) | |

### COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

### PARTIES

1.      Plaintiff Amelia Hunt is a resident of Jefferson County, Alabama, over 19 years of age, and is competent to bring this action.

2.      Defendant 21ˢᵗ Mortgage Corporation (hereinafter "21ˢᵗ Mortgage") is a Delaware corporation with its principal place of business located in Knoxville, Tennessee and was doing business in Jefferson County, Alabama at all times material to this Complaint.

3.      Jurisdiction is proper in the Circuit Court of Jefferson County, Alabama.  The Plaintiff is a citizen of Jefferson County, and all of, or substantially all of, the wrongs complained of occurred in Jefferson County. The matter in controversy, exclusive of interest and costs, exceeds the minimum jurisdictional amount required by the Circuit Court of Jefferson County, Alabama.

### FACTUAL ALLEGATIONS

4.      Plaintiff allegedly incurred a financial obligation to Defendant prior to January, 2011.

5.      Defendant 21st Mortgage began harassing collection activities against Plaintiff. Defendant 21st Mortgage made dozens of harassing and repeated phone calls to Plaintiff's cell phone.

6.      Defendant 21st Mortgage illegally used an autodialer to call Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227, et seq. ("TCPA[1]").

7.      Further, Defendant 21st Mortgage continued to use an autodialer to call Plaintiff's cell phone after Plaintiff expressly revoked any permission 21st Mortgage may have thought it had been given to do so.

8.      Defendant 21st Mortgage illegally used a predictive dialer to call Plaintiff's cell phone without permission to do so in violation of the TCPA.

9.      Further, Defendant 21st Mortgage continued to use a predictive dialer to call Plaintiff's cell phone after Plaintiff expressly revoked any permission 21st Mortgage may have thought it had been given to do so.

10.     Defendant 21st Mortgage illegally used pre-recorded calls to call Plaintiff's cell phone without permission to do so in violation of the TCPA.

11.     Further, Defendant 21st Mortgage continued to use pre-recorded calls to call Plaintiff's cell phone after Plaintiff expressly revoked any permission 21st Mortgage may have thought it had been given to do so.

12.     The volume and type of calls are harassing as the intent and motive behind them are to harass Plaintiff.

13.     Plaintiff has verbally instructed Defendant 21st Mortgage numerous times to cease

---

[1] Any reference to the FDCPA or the TCPA includes all applicable subsections whether explicitly stated or not.

and desist making calls to her cellular telephone number explaining to Defendant it did not have her permission to call her on her cellular telephone.

14.     Thereafter, due to the continuing and even increasing frequency of the calls to her cellular telephone, Plaintiff was caused to write a letter on or about August 8, 2011 to Defendant 21st Mortgage informing it once again the number it was calling was a cellular telephone number protected by the TCPA, instructing it to stop the harassing, annoying, and oppressive phone calls to her cellular telephone, and expressly revoking any authorization it may have thought it had to call her cellular telephone.

15.     Said correspondence of August 8, 2011 was sent certified mail, return receipt requested and was received and signed for by Defendant 21st Mortgage on August 12, 2011.

16.     However, after receiving the August 12, 2011 cease and desist letter, Defendant 21st Mortgage continued to use an autodialer and/or predictive dialers to make repeated telephone calls to Plaintiff's cellular telephone and failed and refused to cease the calls even after having received Plaintiff's correspondence that any permission it thought it had, express or implied, had been revoked by Plaintiff.

17.     Defendant 21st Mortgage failed and refused to cease and desist the calls to her cellular telephone.

18.     All telephone contact by 21st Mortgage to Plaintiff on her cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

19.     The telephone calls placed by 21st Mortgage to Plaintiff's cellular telephone via the automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47

U.S.C. § 227(b)(1)(A).

20.     The telephone number that 21st Mortgage used to contact Plaintiff, with a "prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

21.     The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22.     Plaintiff did not provide or previously revoked any implied or otherwise "express consent" regarding allowing 21st Mortgage to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

23.     21st Mortgage did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

24.     21st Mortgage's telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. §227(b)(1)(A).

25.     Defendant 21st Mortgage illegally used a predictive dialer to call Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA). Defendant 21st Mortgage illegally used pre-recorded calls to call Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

26.     Plaintiff never gave Defendant 21st Mortgage permission to call Plaintiff's cell phone

with an autodialer or with a predictive dialer. Further, Plaintiff expressly revoked any permission Defendant 21st Mortgage may have wrongfully operated under in her September 9, 2011 letter about making calls to Plaintiff's cellular telephone.

27.     Plaintiff never gave Defendant 21st Mortgage permission to call Plaintiff's cell phone with pre-recorded calls. In addition, Plaintiff went out of her way in sending a letter to 21st Mortgage explaining to Defendant she had not given it her express consent to make calls to her cellular telephone, and even if Defendant believed she had, she was revoking any such permission under which it was operating.

28.     The volume and type of calls are harassing as the intent and motive behind them is to harass Plaintiff.

29.     The above-detailed conduct by Defendant 21st Mortgage of harassing Plaintiff was also an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

30.     This series of abusive collection calls by Defendant 21st Mortgage by and through its employees, agents, and/or representatives caused Plaintiff stress and anguish as a result of these abusive calls.

31.     Defendant 21st Mortgage's repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

32.     Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant 21st Mortgage in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

33.     Defendant 21st Mortgage was attempting to collect this debt from Plaintiff when they

knew or should have known by information provided to them through various sources, including

Plaintiff, they did not have express authorization to contact Plaintiff via her cellular telephone.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION**
**ACT ("TCPA") 47 U.S.C. § 227, et seq.**

34.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though

fully stated herein.

35.     Defendant 21st Mortgage has repeatedly violated the TCPA by the calls made to

Plaintiff, specifically the numerous calls by illegal automatic dialers and/or predictive dialers that

have been unleashed against Plaintiff by Defendant, including but not limited to, the calls to Plaintiff

at all hours of the day and night, including calls to Plaintiff's cellular telephone.

36.     Defendant 21st Mortgage has repeatedly violated the TCPA by the calls made to

Plaintiff, specifically the numerous calls by illegal pre-recorded messages that have been unleashed

against Plaintiff by Defendant, including but not limited to, the calls to Plaintiff's cell phone for

which 21st Mortgage had no authorization to call.

37.     There is no exception or justification for the numerous violations of the TCPA by

Defendant 21st Mortgage.

38.     Each call is a separate violation and entitles Plaintiff to statutory damages against

Defendant 21st Mortgage in the amount of at least $500.00 per call and Plaintiff requests that since

the violations were made intentionally or recklessly that the violations be assessed a statutory

damage of $1,500.00 per call, in accordance with 47 U.S.C. § 227(b)(3).

39.     All actions taken by Defendant 21st Mortgage were taken with malice, were done

willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

40.    All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant 21st Mortgage for statutory, actual, compensatory, and/or punitive damages in the amount of $50,000 together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant 21st Mortgage.

**COUNT II**
**NEGLIGENT, RECKLESS, WANTON, MALICIOUS**
**AND/OR INTENTIONAL CONDUCT**

41.    All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

42.    Defendant 21st Mortgage owed a duty to Plaintiff not to place telephone calls to Plaintiff's cellular telephone in violation of state and/or federal law or to continually harass her with regard to this debt in violation of state and/or federal law.

43.    Defendant had a duty under Alabama law to act reasonably under the circumstances.

44.    Defendant 21st Mortgage violated this duty under Alabama law by failing to cease contacting Plaintiff via her cellular telephone in violation of state and/or federal law.

45.    Defendants 21st Mortgage violated its duties to Plaintiff and such violations were

made intentionally, recklessly, wantonly, maliciously, and/or negligently as all Defendants refused to comply with all the duties that each Defendant had.

46.     Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant 21st Mortgage for actual, compensatory, and/or punitive damages in the amount of $50,000, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.   Further, Plaintiff prays for further and other just and equitable relief against Defendant 21st Mortgage.

### COUNT III
### NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION OF EMPLOYEES AND/OR AGENTS

47.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

48.     Defendant 21st Mortgage negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent personnel, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.  The Defendants' employees, agents, and/or representatives committed the violations of state and/or federal law as set forth in this Complaint.

49.     Defendant 21st Mortgage was negligent or wanton in the hiring, training, and/or supervision of their employees and/or agents.

50.     The employees and/or agents of Defendants 21st Mortgage while acting in furtherance

of each one's employment or agency and in the line and scope of each one's respective employment or agency were incompetent to perform his/her duties and all Defendants did know, or should have known, of such incompetence.

51.     The negligent or wanton conduct of those employees and/or agents of Defendants 21st Mortgage  while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to and/or proximately caused Plaintiff to suffer damages as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant 21st Mortgage for actual, compensatory, and/or punitive damages in the amount of $50,000, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.   Further, Plaintiff prays for further and other just and equitable relief against Defendant 21st Mortgage.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

52.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

53.     Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant 21st Mortgage violated Alabama state law as described in this Complaint, including, but not limited to, making numerous telephone calls to Plaintiff's cellular telephone without express permission, using automated and/or predictive dialers, and/or leaving pre-recorded messages in an attempt to harass, annoy, and/or oppress Plaintiff in violation of state and/or federal law.

54.     Defendant 21st Mortgage intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, including, but not limited to, making numerous of telephone calls to Plaintiff's cellular telephone

using automated and/or predictive dialers leaving pre-recorded messages in an attempt to harass, annoy, and/or oppress Plaintiff in violation of state and/or federal law.

55.     Defendant 21st Mortgage intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting upon an alleged debt, thereby invading and intruding upon Plaintiff's right to privacy.

56.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

57.     The conduct of Defendant 21st Mortgage in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

58.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to compensatory and/or punitive damages from Defendant 21st Mortgage.

59.     All the above acts and omissions of Defendant 21st Mortgage by and through its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant 21st Mortgage for actual, compensatory, and/or punitive damages in the amount of $50,000, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.   Further, Plaintiff prays for further and other just and equitable relief against Defendant 21st Mortgage.

__s/Wesley L. Phillips_____
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile: (800) 536-0385


Plaintiff's Address:


## JURY DEMAND

Plaintiff demands a trial by struck jury.


    s/Wesley L. Phillips
    OF COUNSEL


## PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:


21st Mortgage Corporation
c/o Jerry C. Oldshue, Jr.
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, Alabama 35403



ELECTRONICALLY FILED
12/18/2011 3:56 PM
CV-2011-904460.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **AMELIA HUNT,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.:** _____ |
| ) | |
| **21st MORTGAGE CORPORATION,** ) | |
| **a Corporation,** ) | |
| ) | |
| **Defendant.** ) | |

### SUMMONS

     This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**     **21st Mortgage Corporation**
                   **c/o Jerry C. Oldshue, Jr.**
                   **2200 Jack Warner Parkway, Suite 200**
                   **Tuscaloosa, Alabama 35403**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT**.  You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Clerk of Jefferson County, 716 Richard Arrington Blvd North, Room 400, Birmingham, Alabama 35203.

                                           _____

                                         Clerk of Court

Dated: _____



ELECTRONICALLY FILED
12/18/2011 3:56 PM
CV-2011-904460.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

|  |  |
|---|---|
| **AMELIA HUNT,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action No.: _____** |
| | ) |
| **21st MORTGAGE CORPORATION,** | ) |
| **a Corporation,** | ) |
| | ) |
| **Defendant.** | ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSIONS TO DEFENDANT 21st MORTGAGE CORPORATION

COMES NOW Plaintiff in the above styled cause and requests that Defendant 21st Mortgage Corporation (hereinafter "this Defendant", "you", "your") answer the following interrogatories, request for production of documents, and request for admissions within the time required by the Alabama Rules of Civil Procedure. In addition, Plaintiff requests this Defendant to attach a copy of each and every document referred to in any of the interrogatories or in this Defendant's response thereto or that Defendant state the date and time the said documents will be produced for inspection and copying at the offices of the Plaintiffs' attorney.

**NOTE:** These interrogatories and production requests shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

I. INTERROGATORIES

1.    State whether this Defendant's name correctly is stated in the complaint filed in this

case. If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

RESPONSE:


2.      State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

        a.      State the address of all business locations of this Defendant;

        b.      Describe the nature of this Defendant's business.

RESPONSE:


3.      State the name, address and phone number of all persons having knowledge of facts relevant to the occurrence made the basis of this suit, and with respect to each such person identified, describe the facts you believe are known by that person and any potential liability or claims against those who are potential parties. (A person has relevant facts when he or she has or may have knowledge of any discoverable matter; personal knowledge is not required.)

RESPONSE:


4.      State the name and address of each and every witness expected to be called at the trial of this action.

RESPONSE:

5.      State the name and address of each and every expert witness expected to be called at the trial of this action.  Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

RESPONSE:

6.      State the name, address, phone number, and employer of each and every person known by this Defendant to have any knowledge whatsoever of matters related, referencing, or pertaining to the events made the basis of this lawsuit.

RESPONSE:

7.      State whether, in the past ten (10) years, this Defendant has been named a party defendant in any other lawsuit involving claims or allegations this Defendant violated the Telephone Consumer Protection Act ("TCPA").  If so, state the name of the lawsuit, the civil action number and the court where the action was filed.

RESPONSE:

8.      State whether, in the past ten (10) years, this Defendant has been involved in any legal action and/or proceeding, either by a state or federal governmental agency or otherwise, either

as a party defendant or otherwise, where allegations were raised concerning violations of the TCPA. If so, please state:

a) The date and place each such action or proceeding was filed identifying the other party or parties involved, the docket number of such actions, and the names of the attorneys representing each party;

b) A description of the nature of each such action or proceeding; and

c) The result of each such action or proceeding whether there was an appeal, and the result of the appeal, and whether such case was reported and the name, volume number, and page citation of the report.

RESPONSE:



9.      Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that you use, maintain, or operate to record any and all telephone communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and your policies and procedures for operating such a system of records for the previous three years and up through the present.

RESPONSE:



10.     Identify all documents in your possession that you claim are privileged, identifying

the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

RESPONSE:

11.     State whether you electronically record telephone calls by any means with any persons and describe in detail what steps are taken to preserve these recordings.

RESPONSE:

12.     State whether you recorded any telephone call with the Plaintiff and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

RESPONSE:

13.     State whether this Defendant or anyone to this Defendant's knowledge has secured, obtained, or has knowledge of any statement or account made by any person, including parties, whether written, recorded, or oral, which pertain in any way to the events made the basis of this lawsuit.  If so, state separately and severally the name and address of each person from whom a statement was obtained, the date the statement was obtained, and the person or entity who has custody of said statement.  Produce copies of any and all recordings, transcripts or statements which

pertain in any way to the events made the basis of this lawsuit, including any recordings, statements or transcripts of any statements by Plaintiff.

RESPONSE:


14.     Identify and describe each communication, or attempted communication, between you with Plaintiffs, or any other person, which is in any way related to Plaintiffs' foreclosure, by stating the following:

    a.     The name of the individual initiating communication;

    b.     The name of the person and/or description of the person to whom the communication was directed;

    c.     The date and time of the communication;

    d.     The method of the communication (e.g. letter, phone call, in-person);

    e.     A detailed description of the substance of the communication, (do not simply refer to notes);

    f.     Identification of all witnesses to or participants in the communication; and,

    g.     Any actions taken by you as a result of the communication.

RESPONSE:


15.     State and fully describe any and all training provided to those persons involved in

the collection of your accounts, including, but not limited to, the content, timing, duration, materials used in any training, and persons involved in providing such training.

RESPONSE:

16.   State the name, position of employment, address and telephone number all persons who have had any responsibility for or who have taken any action with regard to the collection of the account which is the subject matter of this cause.

RESPONSE:

17.   Identify the custodian of the records, including name, address and phone number that would show all entries regarding the flow of funds regarding the subject account. If this person does not have personal knowledge of the transaction, then please identify in like fashion the person who worked for your company and had custody of the accounting or bookkeeping registers or records identifying said flow of funds. Flow of funds, means (a) any record of money received, (b) any record of money paid out and (c) any bookkeeping or accounting entry, general ledger and accounting treatment of the subject loan transaction at your company including but not limited to whether the subject account transaction was ever entered into any category on the balance sheet at any time or times.

RESPONSE:

18.     For each request for admission you denied or to which you did not give an
unqualified "Admitted," please state in detail the basis for each such refusal to admit and identify
all documents which relate to your refusal to admit.

RESPONSE:

II. REQUEST FOR PRODUCTION

19.     Produce copies of all insurance agreements, including the declarations page,
through which this Defendant is insured, including excess or umbrella insurers, which
insures/insured this Defendant against risks or losses during the time of the occurrences made the
basis of this lawsuit and at the time this complaint was served.

20.     Produce all documents that record, reflect, or evidence oral or written
communications between you and Plaintiff relating to the account at issue in this matter.

21.     Produce any and all agreements, contracts, documents, exhibits, recordings,
transcriptions, statements, notes, memoranda, payment logs, and/or internal correspondence of this
Defendant or between this Defendant and any of its subsidiaries, sister companies, and/or parent
corporations which relate, reference and/or pertain in any way to the matter made the basis of this
suit.

22.     Produce all documents evidencing or relating to internal documents, notes,
memoranda, statements of this Defendant regarding the  its debt collection activities with regard to
Plaintiff's account with this Defendant.

23.     Produce all documents evidencing or relating to any operations manuals,

procedures manuals, and/or similar documents utilized by this Defendant which contain provisions concerning debt collections practices.

24.     Produce all documents evidencing or relating to any operations manuals, procedures manuals, and/or similar documents utilized by this Defendant with regard to its compliance with the TCPA.

25.     Produce any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by you to collect debts, which include Plaintiff's name, address, telephone number(s), account number, or any other information which is personally identifiable to Plaintiff.

26.     Produce all telephone log sheets, internal memoranda, notes, or other documents prepared or reflecting all collection activity on Plaintiff's accounts.

27.     Produce a plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

28.     Produce all documents between you and any other person or entity related to Plaintiffs.

29.     Produce all documents contained in Plaintiff's file.

30.     Produce copies of front/back of all descriptions and legends of all Codes used in your software and/or collections system so the examiners and auditors and experts retained to audit and review this account may properly conduct their work.

31.     Produce any and all documents in the possession or control of you which you claim are in any way relevant to the subject matter of the instant lawsuit.

III.  REQUEST FOR ADMISSIONS

32.    Admit or deny you made phone calls to Plaintiff's cellular telephone.

RESPONSE:

33.    Admit or deny you received correspondence from Plaintiff on August 12, 2011.

RESPONSE:

34.    Admit or deny you continued to make telephone calls to Plaintiff's cellular telephone after receiving correspondence from Plaintiff on Augustr 12, 2011.

RESPONSE:


                                              __s/Wesley L. Phillips_____
                                              Wesley L. Phillips (PHI053)
                                              Attorney for Plaintiff


OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385



**PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2011-904460.00 |
|---|---|---|

IN THE CIVIL COURT OF JEFFERSON, ALABAMA
AMELIA HUNT V. 21ST MORTGAGE CORPORATION

NOTICE TO    21ST MORTGAGE CORPORATION, 2200 JACK WARNER PARKWAY SUITE 200, TUSCALOOSA, AL 35403
_____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS P.O. Box 130488, Birmingham, AL 35213
_____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of     AMELIA HUNT
   pursuant to the Alabama Rules of the Civil Procedure                                   _____

| 12/18/2011 3:56:08 PM | /s ANNE-MARIE ADAMS | _____ |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s WESLEY L PHILLIPS
                                        _____
                                        Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on  _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to  _____

_____ in  _____ County, Alabama on  _____

_____        _____
Date                           Server's Signature



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY CERTIFIED MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
AMELIA HUNT V. 21ST MORTGAGE CORPORATION

**01-CV-2011-904460.00**

To: CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

**TOTAL POSTAGE PAID FOR CERTIFIED MAIL: $6.83**

Parties to be served by **Certified Mail - Return Receipt Requested**

21ST MORTGAGE CORPORATION                         Postage: $6.83
2200 JACK WARNER PARKWAY
SUITE 200
TUSCALOOSA, AL 35403

Parties to be served by **Certified Mail - Restricted Delivery - Return Receipt Requested**

7008 1140 0003 8713 4669



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

21ST MORTGAGE CORPORATION
2200 JACK WARNER PARKWAY
SUITE 200
TUSCALOOSA, AL 35403

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Cherol Ml_          □ Agent
                        □ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
   _Bso/11_

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

   CV11-904460 SFC
                        - D.1

3. Service Type
   ☑ Certified Mail      □ Express Mail
   □ Registered          ☑ Return Receipt for Merchandise
   □ Insured Mail        □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
   (Transfer from service label)

   7008 1140 0003 8733 4669

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address,

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. N.
BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
ANNE-MARIE ADAMS
JAN 0 3 2012
Clerk





ELECTRONICALLY FILED
1/23/2012 12:30 PM
CV-2011-904460.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AMELIA HUNT,                                          )
                                                     )
     Plaintiff,                                )
                                                     )
v.                                                   ) Case No. CV-11-904460.00
                                                     )
21st MORTGAGE CORP.,                                 )
                                                     )
     Defendant.                                )
_____                 )
                                                     )
                                                     )

## NOTICE OF FILING OF DISCOVERY

**PLEASE TAKE NOTICE** that the following discovery documents have been filed

on behalf of the Defendant:

- ( ) Interrogatories
- ( ) Requests for Production
- ( ) Requests for Admissions
- ( ) Supplemental Interrogatories
- ( ) Supplemental Requests for Production
- ( ) Supplemental Requests for Admissions
- ( ) Notice of Deposition
- ( ) Answers to Interrogatories
- ( ) Responses to Requests for Production
- ( ) Responses to Interrogatories
- (X ) Responses to Requests for Admissions
- ( ) Notice of Intent to Serve Subpoena Upon Non-Parties
- ( ) Other – Supplemental Rule 26 Submission

/s/ Austin Huffaker
R. Austin Huffaker, Jr. (HUF006)
Attorney for Defendant,
21st Mortgage Corp.

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON
 & GARRETT, P.A.
POST OFFICE BOX 270

1

MONTGOMERY, AL  36101-0270
Telephone:   (334) 206-3126
Fax:         (334) 481-0815

## **CERTIFICATE OF SERVICE**

     I hereby certify that on January 23, 2012, I electronically filed the foregoing with the Clerk of the Court using AlaFile system, which will send electronic notification of such filing to the following:

     Wesley Phillips, Esq.

                                  Austin Huffaker_____
                                  OF COUNSEL



ELECTRONICALLY FILED
1/23/2012 12:30 PM
CV-2011-904460.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AMELIA HUNT,                  )
                                 )
      **Plaintiff,**          )
                                 )
**v.**                               ) **Case No. CV-11-904460.00**
                                 )
**21ˢᵗ MORTGAGE CORP.,**   )
                                 )
      **Defendant.**        )
_____ )
                                 )
                                 )

## RESPONSES TO REQUESTS FOR ADMISSION

COMES NOW Defendant 21ˢᵀ Mortgage Corp. and hereby responds to the

Plaintiff's Requests for Admission as follows:

**32.**    **Admit or deny you made phone calls to Plaintiff's cellular**

**telephone.**

> **RESPONSE:**   This Defendant admits that it attempted to call the
> Plaintiff. This Defendant is without sufficient knowledge or information to
> admit or deny whether any calls were made to the "Plaintiff's cellular
> telephone" as this request does not identify the specific telephone number to
> which it is referring.

**33.**    **Admit or deny you received correspondence from Plaintiff on**
**August 12, 2011.**

> **RESPONSE:** This Defendant admits that it received a letter dated August
> 8, 2011 purportedly from the Plaintiff.

**34.**    **Admit or deny you continued to make telephone calls to Plaintiff's**

**cellular telephone after receiving correspondence from Plaintiff on August 12, 2011.**

> **RESPONSE:** This Defendant admits that it attempted to call the Plaintiff after August 8, 2011. This Defendant is without sufficient knowledge or information to admit or deny whether any calls were made to the "Plaintiff's cellular telephone" as this request does not identify which phone number to which it is referring.

Respectfully submitted this the $23$ day of January, 2012.


/s/ Austin Huffaker
R. Austin Huffaker, Jr. (HUF006)
Attorney for Defendant,
21st Mortgage Corp.

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
POST OFFICE BOX 270
MONTGOMERY, AL  36101-0270
Telephone:  (334) 206-3126
Fax:          (334) 481-0815

## CERTIFICATE OF SERVICE

I hereby certify that on January $23$, 2012, I electronically filed the foregoing with the Clerk of the Court using AlaFile system, which will send electronic notification of such filing to the following:

Wesley Phillips, Esq.


Austin Huffaker
OF COUNSEL

2