# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| AMELIA HUNT, } | |
| } | |
| Plaintiff/Counterclaim Defendant, } | |
| } | |
| v. } | Case No.: 2:12-CV-381-RDP |
| } | |
| 21st MORTGAGE CORPORATION, } | |
| } | |
| Defendant/Counterclaim Plaintiff. } | |

## MEMORANDUM OPINION

The court has before it Plaintiff's Renewed or Amended Motion to Dismiss Counterclaim of Defendant 21st Mortgage Corporation (Doc. # 32), filed on August 8, 2012. Defendant responded on August 8, 2012 (Doc. # 34) and Plaintiff filed a reply on August 12, 2012 (Doc. # 35). Plaintiff's Motion is properly under submission. For the reasons discussed below, Plaintiff's Motion is **DENIED**.

### I.   BACKGROUND

Plaintiff initiated this lawsuit in the Circuit Court of Jefferson County on December 18, 2011 (Doc. # 1-1 at 2-12). Defendant filed a motion to dismiss the complaint, or in the alternative moved for summary judgment, on January 23, 2012 (Doc. # 6-1 at 1-6). Plaintiff filed an Amended Complaint on January 31, 2012 (Doc. # 1-2 at 39-55). Plaintiff's claims arise out of a debt she owed to Defendant, and Defendant's alleged harassment in attempting to collect the debt.

Defendant removed this case to federal court based on Plaintiff's Amended Complaint on February 6, 2012 (Doc. # 1). Plaintiff filed a Motion to Remand on February 10, 2012 (Doc. # 4), and Defendant filed an Amendment to the Notice of Removal on February 14, 2012 (Doc. # 5). In

support of removal, Defendant articulated two grounds for federal question jurisdiction. First, Plaintiff's Amended Complaint in state court asserted for the first time a federal claim under the Federal Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). Additionally, on January 18, 2012, the Supreme Court issued *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012) holding that claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), which were asserted in Plaintiff's original and Amended Complaint, invoke federal question jurisdiction. *Id.* at 753. Defendant asserted that the court has jurisdiction over the state law claims under supplemental jurisdiction. *See* 28 U.S.C. § 1367. On April 16, 2012, after conducting a status and scheduling conference, the court denied Plaintiff's Motion to Remand and concluded that the court has federal subject matter jurisdiction over Plaintiff's claims.

In Plaintiff's First Amended Complaint, Plaintiff asserts that she incurred a financial obligation to Defendant prior to January 2011. (Doc. # 1-2 ¶ 4). At some point after this, she contends Defendant "began harassing [debt] collection activities against [her]" by illegally using an autodialer, predictive dialer, and pre-recorded calls to repeatedly call her cellular ("cell") phone. (Doc. # 1-2 ¶¶ 4-6, 8, 10). Plaintiff alleges that Defendant did not have permission to use an autodialer, predictive dialer, or pre-recorded call to dial her cell phone, and Plaintiff expressly revoked any permission Defendant believed it may have had. (*Id*. ¶¶ 7-11). Plaintiff asserts that she verbally instructed Defendant to stop making calls to her and stated that it did not have permission to call her cell phone, and that on or about August 8, 2011, she sent a letter to Defendant by certified mail instructing it to stop calling her and stating that it did not have permission to call her. (*Id*. ¶¶ 14-15). Plaintiff contends that Defendant received the letter on August 12, 2011. (*Id*. ¶ 15). Despite this letter, Plaintiff asserts that Defendant continued to use an autodialer and/or predictive dialers to repeatedly call Plaintiff's cell phone. (*Id*. ¶ 16). Plaintiff sent another letter to Defendant on

September 9, 2011, expressly revoking any permission Defendant believed it had to make phone calls to Plaintiff with an autodialer or predictive dialer. (*Id*. ¶ 26). Plaintiff asserts that Defendant knew or should have known that it did not have permission to repeatedly call Plaintiff in the manner described above, and contends that Defendant's motive behind these phone calls was to harass her. (*Id*. ¶ 28, 33). Plaintiff further alleges that Defendant repeatedly called her at all hours of the day and night, and multiple times throughout a day. (*Id*. ¶ 38). Plaintiff states that she was forced to simply pay Defendant whatever it claimed she owed it so that it would leave her alone. (*Id*. ¶ 39). Further, Plaintiff asserts that Defendant failed to identify itself as a debt collector or identify itself at all. (*Id*. ¶ 40).

Additionally, Plaintiff claims that at some point Defendant began directing its harassing conduct to Plaintiff's family, neighbors, and others. (*Id*. ¶ 38). Specifically, Defendant has called Plaintiff's husband's cell phone many times, despite Plaintiff's instruction that Defendant cease calling her husband. (*Id*. ¶ 41). Further, Plaintiff alleges that Defendant has called Plaintiff's sister, her husband's daughter, her husband's mother, and her neighbors asking them to deliver messages to Plaintiff, despite Plaintiff's instruction that Defendant cease contacting her family and neighbors. (*Id*. ¶ 42). Plaintiff states that Defendant's harassing phone calls caused her actual damages, including stress, anguish, anger, anxiety, emotional distress, fear, frustration, humiliation, embarrassment, and other emotions (*Id*. ¶¶ 30, 32).

Plaintiff's First Amended Complaint contains five counts to relief. (Doc. # 1-2). Plaintiff asserts violations of the TCPA (Count 1); a state law claim for negligent, reckless, wanton, malicious, and/or intentional conduct (Count 2); a state law claim for negligent hiring, training,

and/or supervision of employees and/or agents (Count 3); a state law claim for invasion of privacy by intrusion upon seclusion (Count 4); and violations of the FDCPA (Count 5).

Defendant answered Plaintiff's First Amended Complaint on May 3, 2012. (Doc. # 18). On March 30, 2012, the court granted Defendant leave to file a counterclaim. (Doc. # 30). Defendant then filed an Answer and Counterclaim on March 31, 2012. (Doc. # 21). Defendant's counterclaim relates to the underlying debt and alleges Plaintiff breached her contract with Defendant to make debt payments under an installment contract for the purchase of a manufactured home. (*Id.*). Plaintiff filed a Motion to Dismiss Defendant's Counterclaim on June 13, 2012. (Doc. #23). On July 31, 2012, the court denied (Doc. #29) Plaintiff's Motion to Dismiss Defendant's Counterclaim (Doc. #23) and also denied Defendant's Renewed Motion to Dismiss or, in the alternative Motion for Summary Judgment (Doc. # 6). In the order denying Plaintiff's Renewed Motion to Dismiss, the court directed Plaintiff to properly brief the court regarding any supplemental jurisdiction arguments pertaining to Defendant's counterclaims. (Doc. #30). Plaintiff did so on August 2, 2012 (Doc. #32), and that is the motion before the court now.

Plaintiff asserts that Defendant's counterclaim is permissive rather than compulsory. (Doc. #32 ¶¶ 1, 11-12). Plaintiff also argues that the court should decline to exercise supplemental jurisdiction over the counterclaim. (*Id.* ¶ 13). Defendant filed a Response to Plaintiff's Renewed or Amended Motion to Dismiss, urging the court to exercise supplemental jurisdiction over its counterclaim for breach of contract. (Doc. #34).

## II.   STANDARD OF REVIEW

During the course of an action, either party, or the court, *sua sponte*, may assert lack of subject matter jurisdiction. *Andalusia City Bd. of Educ. v. Andress*, 916 F. Supp. 1179, 1180 (M.D.

Ala. 1996). A party may challenge a district court's subject matter jurisdiction by filing a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(1).

Challenges to subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure can exist in two substantially different forms: facial attacks and factual attacks. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). When presented with a facial attack on the complaint, the court determines whether the complaint has sufficiently alleged subject-matter jurisdiction. *Sinaltrainal*, 578 F.3d at 1260. The court proceeds as if it were evaluating a Rule 12(b)(6) motion; that is, it views the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged in the complaint as true. *Id.* To the contrary, factual attacks question "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). When a court is confronted with a factual attack, the standard of review diverges considerably:

> [T]he trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981) *cert. denied*, 454 U.S. 897 (1981)).

**III.    DISCUSSION**

    **A.    Defendant's Counterclaim is Permissive Not Compulsory**

The Federal Rules of Civil Procedure define two types of counterclaims: compulsory and permissive. Compulsory counterclaims are those that "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). A permissive counterclaim is any counterclaim that is not compulsory. *Id.* The Eleventh Circuit follows the "logical relationship" test to determine whether a counterclaim is compulsory. *Republic Health Corp. v. Lifemark Hosps. of Florida, Inc.*, 755 F.2d 1453, 1455 (11th Cir.1985). Plaintiff argues that Defendant's counterclaim is not compulsory because the contract at issue did not arise from Defendant's debt collection practices. (Doc. # 32 ¶ 4).[1] Plaintiff cites to various federal courts that have considered the specific question of whether a breach of contract counterclaim to a FDCPA claim is permissive or compulsory. *See, e.g.*, *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1068 (E.D. Cal. 2005) (finding that the issues raised by a FDCPA claim and a state law counterclaim for the underlying debt are distinct and that the evidence needed to prove both claims is dissimilar)*;* *Hart v. Clayton-Parker & Assocs., Inc.*, 869 F. Supp. 774, 777 (D. Ariz. 1994) (stating that "every published decision directly addressing the issue in this case has found FDCPA lawsuits and lawsuits arising from the underlying contractual debt are not compulsory counterclaims"); *Leatherwood v. Universal Bus. Serv. Co.*, 115 F.R.D. 48, 50 (W.D.N.Y. 1987) (concluding that "the FDCPA claim involves the enforcement of federal policy and federal statutory law concerning a debt collector's

---

[1] Nowhere in its Response to Plaintiff's Motion to Dismiss (Doc. #34) does Defendant argue that its counterclaim is compulsory. Rather, Defendant's Response urges the court to exercise supplemental jurisdiction over its counterclaim. (Doc. #34, ¶¶ 2, 6). Even though Defendant does not appear to contest the issue, the court has analyzed relevant authority and determines the counterclaim to be compulsory as explained in the opinion text.

conduct in collecting a debt" and that the "claim does not concern any obligations created by the underlying debt"). Although it has not directly addressed the issue, the Eleventh Circuit appears to endorse this majority view. *See Azar v. Hayter*, 874 F. Supp. 1314, 1317 (N.D. Fla. 1995) *aff'd*, 66 F.3d 342 (11th Cir. 1995). ("Plaintiff's FDCPA claim has nothing to do with whether the underlying debt is valid. An FDCPA claim concerns the method of collecting the debt. It does not arise out of the transaction creating the debt, and thus was not a compulsory counterclaim under state law in the action to collect the debt."). In *Leatherwood*, a case dealing with a factually similar situation, the court reasoned that a defendant's counterclaim seeking payment on an underlying debt encompasses "a private duty under state law and requires a broad proof of facts establishing the existence and performance of a contract, the validity of the contract's provisions, a breach of the contract by the plaintiff and monetary damages resulting from the breach." *Leatherwood*, 115 F.R.D. at 49. Additionally, the court noted that the "claim and counterclaim are, of course, 'offshoots' of the same basic transaction, but they do not represent the same basic controversy between the parties." *Id.* Both the *Sparrow* and *Hart* courts adopted and followed this reasoning. *Sparrow*, 385 F. Supp. 2d at 1068; *Hart*, 869 F. Supp. at 777. This court does the same.

      Defendant's state law breach of contract counterclaim does not bear a logical relationship to Plaintiff's FDCPA claim. In some technical sense, the two claims may arise from the same underlying loan transaction and some overlap of issues may exist. For example, but for Plaintiff's debt, presumably Defendant would not have attempted to collect. Nevertheless, the manner in which Defendant has attempted to collect the debt does not concern whether a valid contract exists between the parties and, if so, any obligations created by it. Thus, the court has no trouble finding that Defendant's counterclaim is permissive, not compulsory. But, that does not end the court's inquiry.

Although not a compulsory counterclaim, the court may exercise jurisdiction over Defendant's counterclaim if it is a permissive counterclaim over which the court has jurisdiction. The parties have not pointed to and the court does not find that any independent basis for jurisdiction exists.[2]  Therefore, the court must determine first, whether it has supplemental jurisdiction over Defendant's counterclaim and, if so, whether it will exercise such jurisdiction.

### B.      Supplemental Jurisdiction

#### 1.      Supplemental Jurisdiction Exists Over Defendant's Counterclaim

In the absence independent basis for jurisdiction exists, a court may exercise supplemental jurisdiction over counterclaims that are "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  When state law claims form part of the same "case or controversy" or "arise out of a common nucleus of operative fact with a substantial federal claim," a district court may exercise supplement jurisdiction over those state law claims. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-43 (11th Cir. 2006).

Courts disagree over whether a FDCPA claim and a state law breach of contract claim on the underlying debt "arise out of a common nucleus of operative fact." *Compare Campos v. W. Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1169 (N.D. Cal. 2005) (finding that the state law counterclaim and the FDCPA claim formed part of same case or controversy because both claims were related to

---

[2] The only possible basis for original jurisdiction over Defendant's counterclaim would be diversity of citizenship.  The parties are diverse.  Plaintiff is an Alabama citizen.  Defendant is a citizen of both Delaware and Tennessee. (Doc. #1-1).  However, Defendant's counterclaim does not meet the amount in controversy requirement.  In its Answer and Counterclaim (Doc. # 21), filed May 31, 2012, Defendant asserts that Plaintiff owes a balance of $41,754.  Defendant also demands payment of attorneys' fees and costs as permitted under the parties' contract.  The court has reviewed the contract and finds that the Defendant's attorneys' fees and costs associated with collection of any indebtedness are not to exceed 15% of the unpaid debt.  Therefore, even if Defendant is entitled to attorneys' fees and costs here, the amount in controversy does not exceed $75,000.

the single debt incurred by the plaintiff), *with Ayres v. Nat'l Credit Mgmt. Corp.*, 1991 WL 66845, *3 (E.D. Pa. 1991) (finding that the key operative facts supporting a FDCPA claim and a breach of contract claim are clearly distinct).   However, most courts have found that a state law breach of contract claim forms part of the same "case or controversy" as a FDCPA claim.  *See e.g.*, *Sparrow*, 385 F. Supp. 2d at 1072 (reasoning that "just because a state law claim does not arise out of the same transaction or occurrence as the federal law claim does not mean that the state law claim does not arise out of facts that bear some relationship to the facts from which the federal claim arises so that the state claim and the federal claim are considered part of the same constitutional 'case'"). Following this majority of courts, the court concludes that Defendant's breach of contract counterclaim and Plaintiff's FDCPA claim arise under a "common nucleus of operative fact." Both claims arise from the single debt that Plaintiff incurred.  Therefore, the court has supplemental jurisdiction over Defendant's counterclaim.

### 2. The Court Will Exercise Supplemental Jurisdiction Over Defendant's Counterclaim

Even though supplemental jurisdiction exists over Defendant's counterclaim, this court may decline to exercise such jurisdiction.  A district court, in its discretion, may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The first, second, and third subsections are inapplicable in this case. Defendant's breach of contract counterclaim does not raise a novel or complex issue of state law. It is unlikely a straightforward state law breach of contract claim would substantially predominate over Plaintiff's federal claims. Furthermore, the court has not dismissed all claims over which it has original jurisdiction. Plaintiff urges the court to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(4), arguing "other compelling reasons" exist for doing so. Specifically, Plaintiff asserts that exercising supplemental jurisdiction over a state law counterclaim on an underlying FDCPA debt would undermine the purposes of the FDCPA by discouraging litigants from pursuing a FDCPA claim. (Doc. # 32, ¶¶ 14-17). Defendant contends that "judicial economy favors exercising jurisdiction in this case" (Doc. #34, ¶ 4).

Some courts have found that strong policy reasons exist for declining supplemental jurisdiction over a debt collector's state law breach of contract counterclaim *See e.g.*, *Campos*, 404 F. Supp. 2d at 1170 (noting that "it is evident that the purpose of the FDCPA is to give those harmed by an alleged violative act a remedy against a debt collector regardless of whether the underlying debt is valid"); *Leatherwood*, 115 F.R.D. at 50 ("To allow a debt collector defendant to seek to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits such as this."). However, the court declines to follow this paternalistic approach.[3]

---

[3] First, these cases are based upon a faulty assumption. Until a factual record is developed, the court cannot conclude that a creditor is not in good faith pursuing payment of a debt as a counterclaim. Second, logically it follows that, if courts routinely disallowed counterclaims seeking recovery on the (alleged) underlying debt obligation to "protect" FDCPA plaintiffs from "abuse," such a practice may actually encourage those who default to file frivolous FDCPA lawsuits to avoid the debt.

Defendant cites to a handful of decisions in which courts have exercised supplemental jurisdiction over a counterclaim related to an underlying FDCPA debt. *See e.g.*, *Thomas v. Commercial Recover Sys.*, 2008 WL 906770 (M.D. Fla. 2008) (finding that "considerations of fairness and judicial economy require adjudication of the counterclaim"); *Blakewell v. Fed. Fin. Grp., Inc.*, 2006 WL 739807 (N.D. Ga. 2006) (finding it "inherently more efficient to deal with" both the FDCPA claim and the breach of contract counterclaim in one action and finding that to bar defendant's counterclaim "would be to favor one litigant's claim over another"). As *Thomas* and *Blakewell* suggest, exercise of supplemental jurisdiction over Defendant's counterclaim should promote judicial economy and fairness as all claims related to Plaintiff's alleged debt would be consolidated in a single action. The elements of Plaintiff's FDCPA claim and Defendant's breach of contract counterclaim are not identical; however, some overlap exists. To prove her FDCPA claim, Plaintiff must prove that "(1) [she] has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.*"* *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000). To prove its breach of contract counterclaim, Defendant must prove (1) that a valid contract exists; (2) a material breach; and (3) damages. *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 913 (11th Cir. 1999). The first element of each claim is similar in that both parties must prove that some relationship exists between them. That relationship purportedly arises from the consumer transaction into which Plaintiff entered by signing a retail installment contract of which Defendant is now the holder.

If the court were to decline to exercise jurisdiction over Defendant's counterclaim, the court would have to remand the counterclaim to state court rather than dismiss it. *Myers v. Cent. Fl. Invs.,*

*Inc.*, 592 F.3d 1201, 1226 (11th Cir. 2010).  To do so would force both parties to litigate claims arising from the Plaintiff's alleged debt in two separate venues.   Thus, exercising supplemental jurisdiction over Defendant's counterclaim is this action supports judicial efficiency and economy. Moreover, any potential chilling effect on FDCPA plaintiffs is diminished because a defendant collector may always entertain a breach of contract action in state court regardless of whether a FDCPA claim has been filed.  Accordingly, the court  declines to exercise its discretion under 28 U.S.C. § 1367(c) not to hear Defendant's counterclaim.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Renewed or Amended Motion to Dismiss Defendant's Counterclaim is due to be denied.  A separate order will be entered.

**DONE** and **ORDERED** this    7th         day of September, 2012.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE